**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
L.B., individually and on behalf of her
minor child Kyle, proceeding under a
pseudonym,

          *Plaintiffs*,

        v.

The City of New York; Jess Dannhauser, in
his official capacity as Commissioner,
Administration for Children's Services of
the City of New York ("ACS"); Ariel
Semper, Nadine Cenord, Bernadet Jean-
Louis, Donna McFadden, Ana Costa,
Taiesha Coleman, and Leydi Taveras, each
individually and in their official capacity as
ACS Child Protective Specialists,

          *Defendants*.

--------------------------------------------------------- X

**Civ. No. 1:23-cv-08501-RPK-JRC**

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

**TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................................1

    I.    FRCP 5.2(A)(3) REQUIRES PLAINTIFFS TO PROCEED ANONYMOUSLY TO PROTECT THE PRIVACY OF THE CHILD ...................................................................................1

    II.   THE *SEALED PLAINTIFF* FACTORS STRONGLY FAVOR ANONYMITY ..............................2

        A..Factor One – Matters That Are Highly Sensitive And Of A Personal Nature…………………..3

        B. Factor Two – Risk Of Retaliation………………………………………………………………..4

        C. Factor Four – Vulnerability………………………………………………………………...5

        D. Factor Five – Claims Against The Government……………………………………………………5

        E. Factor Six – Prejudice To The Defendant……………………………………………………….6

        F. Factor Seven – Confidentiality So Far……………………………………………...…………6

        G. Factor Eight – No Public Interest In Disclosure……………………………………………..7

CONCLUSION.................................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Be v. Comcast Corp.*,
  No. 20-CV-8571 (JPC), 2021 WL 694556 (S.D.N.Y. Feb. 23, 2021) .................................... 2

*Doe No. 2 v. Kolko*,
  242 F.R.D. 193 (E.D.N.Y. 2006) ..................................................................................... 4, 6

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ......................................................................................... 4

*EW v. New York Blood Ctr.*,
  213 F.R.D. 108 (E.D.N.Y. 2003) ......................................................................................... 5

*J.W. v. District of Columbia*,
  318 F.R.D. 196 (D.D.C. 2016) ......................................................................................... 1, 2

*P.M. v. Evans-Brant Cent. Sch. Dist.*,
  No. 08-CV-168A, 2008 WL 4379490 (W.D.N.Y. Sept. 22, 2008) ............................. 2, 5, 6

*Rapp v. Fowler*,
  537 F. Supp. 3d 521 (S.D.N.Y. 2021) ................................................................................. 4

*Roe v. Aware Woman Ctr. for Choice, Inc.*,
  253 F.3d 678 (11th Cir. 2001) ............................................................................................. 6

*S.F. v. Archer Daniels Midland Co.*,
  594 F. App'x 11 (2d Cir. 2014) ........................................................................................... 2

*Sealed Plaintiff v. Sealed Defendant*,
  537 F.3d 185 (2d Cir. 2008) ..................................................................................... 2, 3, 4, 5

*Smith v. Edwards*,
  175 F.3d 99 (2d Cir. 1999) .................................................................................................. 2

**Statutes**

N.Y. Family Court Act § 166 ...................................................................................................... 4

**Other Authorities**

Fed.R.Civ.P. 5.2 ...................................................................................................................... 1, 2

This action was brought by L.B., individually and on behalf of her ten-year-old child, seeking to proceed under the pseudonym "Kyle," who have both had their constitutional rights violated by the City of New York, the Administration for Children's Services ("ACS"), and its employees. As detailed in the Complaint [ECF No. 1], for almost three years, Defendants have aggressively investigated baseless allegations of child abuse against L.B., severely disrupting Plaintiffs' family and school life, and causing severe and ongoing distress and anxiety.

Allowing Plaintiffs to proceed anonymously in this action is necessary to protect the privacy of the minor child and highly sensitive and personal information of Plaintiffs, including allegations of sexual and physical child abuse, neglect, recording and sale of child pornography, possession of firearms, and drug use, all of which Defendants have investigated and determined to be false. Given the serious and sensitive nature of the allegations, Plaintiffs will suffer significant personal embarrassment and further psychological and emotional injury if forced to proceed in this litigation with their real names. Such personal harm outweighs any potential prejudice to Defendants. In any event, there is no prejudice to Defendants because Plaintiffs are known to Defendants.

## ARGUMENT

### I. FRCP 5.2(A)(3) REQUIRES PLAINTIFFS TO PROCEED ANONYMOUSLY TO PROTECT THE PRIVACY OF THE CHILD

Plaintiffs should proceed anonymously to protect the privacy of ten-year-old Kyle. Congress has recognized the heightened privacy interests of minor children, and directed that minors be identified in court filings only by initials. Fed. R. Civ. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only . . . . the minor's initials").

1

Further, because a child and "his parents' privacy interests are intractably intertwined," *J.W. v. District of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016), and "a parent's identity, if disclosed, could jeopardize the child's confidentiality," *id.*, courts have authorized parents and guardians suing on behalf of minors to proceed anonymously to protect the children's identities. *See S.F. v. Archer Daniels Midland Co.*, 594 F. App'x 11, 12, n.1 (2d Cir. 2014) ("Fed.R.Civ.P. 5.2(a) dictates that only a minor's initials should be used in publicly filed documents, and this rule extends to the child's parents"); *Be v. Comcast Corp.*, No. 20-CV-8571 (JPC), 2021 WL 694556, at *1 (S.D.N.Y. Feb. 23, 2021) (allowing a parent to proceed under pseudonym in an action concerning her minor child's health); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) ("the protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials"); *see also Smith v. Edwards*, 175 F.3d 99, 99 n.1 (2d Cir. 1999) (in a case involving an allegation of child abuse by plaintiff, employing pseudonyms for plaintiff and his family to protect the privacy of plaintiff's child).

Here, identifying L.B. by her name will inevitably lead to the identification of her only minor child, Kyle. Accordingly, the Court should allow both Plaintiffs to proceed anonymously.

## II.  THE *SEALED PLAINTIFF* FACTORS STRONGLY FAVOR ANONYMITY

In the Second Circuit, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Court of Appeals for the Second Circuit has identified ten non-exhaustive factors to be considered:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189-90 (internal citations, quotations, and alterations omitted). Courts are not required to "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4.

The application of these factors supports Plaintiffs' request to proceed anonymously.

### A.  Factor One – Matters That Are Highly Sensitive And Of A Personal Nature

As described above, this litigation "involves matters that are highly sensitive and of a personal nature," *Sealed Plaintiff*, 537 F.3d at 190, including false allegations of child physical and sexual abuse, and mental health diagnosis of the child Plaintiff. Even where such allegations

3

are made by plaintiffs themselves, "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006)).

Here, as detailed in Plaintiffs' Complaint, Defendants investigated baseless allegations of child abuse against Plaintiff L.B., including allegations that L.B. hit her children; burned them with cigarettes; forced them to be sexually abused by her partner; recorded the sexual abuse on video, and sold them; sold her daughters to other adults for sex; owned machine guns; and used crack cocaine and heroin in front of her children, among others. Compl. ¶¶ 40, 106. Defendants investigated and determined that each allegation was false. *Id.* ¶¶ 67, 77, 104, 137, 151, 171, 181, 193. Moreover, at issue in this case is the emotional and psychological harm Defendants caused minor Plaintiff, Kyle, including mental health diagnoses. *See, e.g., Id.* ¶¶ 177, 195-99.

In recognition of the highly sensitive nature of the information at issue, the records of related proceedings between the parties in New York Family Court have also been protected from public inspection. N.Y. Family Court Act § 166. The first factor favors anonymity.

### B. Factor Two – Risk Of Retaliation

Identification of Plaintiffs poses a real risk of retaliation. *Sealed Plaintiff*, 537 F.3d at 190. To warrant anonymity, the possible retaliatory harm need not be physical in nature. *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("[t]he risk of injury may be physical or psychological"). Here, disclosure of Plaintiffs' identity could lead to retaliation from local police, employers, school personnel, classmates, neighbors, and the public at large. L.B. was already suspended and ultimately terminated from her former employment as a result of the ACS investigations, and was forced to look for new work. Compl. ¶ 194. Potential employers were

4

also notified of the investigations, making her job search difficult. *Id.* Plaintiffs' neighbors and landlord also complained that they were being harassed in connection with the investigations. *Id.* ¶ 201. Identification of L.B. as someone who has been the subject of repeated ACS investigations, regardless of the outcome, and who has now filed a civil lawsuit against them, may further stigmatize and harm Plaintiffs. Non-parties, including Plaintiffs' other children and family, may also be harmed. The second factor favors anonymity.

C. **Factor Four – Vulnerability**

Given Kyle's young age and the intertwined nature of L.B. and Kyle's interests, Plaintiffs are "particularly vulnerable to the possible harms of disclosure." *Sealed Plaintiff*, 537 F.3d at 190; *see also P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) ("[T]he protection afforded to the minor would be eviscerated unless the parent was also permitted to proceed using initials."). Furthermore, as a result of Defendants' aggressive pursuit of Kyle at home and at his school, Kyle has been diagnosed with anxiety, become fearful of attending school, and has manifested trouble sleeping at night. Compl. ¶¶ 177, 195-99. No further harm can be tolerated. The fourth factor favors anonymity.

D. **Factor Five – Claims Against The Government**

The fact that this litigation is brought against New York City and ACS, a public agency, and its employees, favors anonymity of Plaintiffs. *Sealed Plaintiff*, 537 F.3d at 190. This is particularly the case where, as here, the action seeks the vindication of Plaintiffs' constitutional rights.

> "[W]here a plaintiff attacks governmental activity . . . the plaintiff's interest in proceeding anonymously is considered particularly strong. In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in

5

protecting its reputation from damaging allegations than the ordinary individual defendant."

*EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citation omitted). The fifth factor favors anonymity.

### E.   Factor Six – Prejudice To The Defendant

Defendant's ability to defend this action will not be impaired by permitting Plaintiffs to proceed anonymously because Plaintiffs' identities are already known to Defendants.

Courts are particularly willing to allow the plaintiffs to proceed anonymously where, as here, the plaintiffs' identities are known to the defendants. *See, e.g., Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 687 (11th Cir. 2001) (finding no prejudice where plaintiff offered to disclose her name to defendants for discovery purposes); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 08-CV-168A, 2008 WL 4379490, at *3 (W.D.N.Y. Sept. 22, 2008) (no prejudice where defendant was aware of plaintiffs' identifies through administrative proceedings giving rise to the lawsuit); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers."). Here, Defendants have known and closely interacted with Plaintiffs at Plaintiffs' home and school, for almost three years, *see generally* Compl., and as such will not prejudiced by plaintiffs' anonymity. The sixth factor favors anonymity.

### F.   Factor Seven – Confidentiality So Far

Plaintiffs' identity has thus far been kept confidential from the public, in this action and in related proceedings in Family Court, as described above. *See* N.Y. Family Court Act § 166. Although Defendants' repeated visits to Plaintiffs' home and school have alerted Plaintiffs' neighbors, landlord, and school staff to the existence of ACS investigations against L.B., the

6

details of the allegations have never been made public. The seventh factor favors anonymity.

### G.  Factor Eight – No Public Interest In Disclosure

Beyond a general societal interest in open access to judicial proceedings, there is no public interest in disclosing Plaintiffs' identities in this case. To the contrary, requiring disclosure in this case would have the effect of chilling other similarly situated families from seeking judicial relief for violations of their constitutional rights, for fear of having false accusations of child abuse made public. The eighth factor favors anonymity.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to Proceed Anonymously.

Respectfully submitted,

CROWELL & MORING LLP

Dated: December 4, 2023
New York, New York

By:  /s/ Robert A. Mantel
Joshua Sohn
Robert A. Mantel
Daniella A. Schmidt
Hinako Gojima
590 Madison Ave., 20th Floor,
New York, NY 10022
Tel: (212)590-5442
jsohn@crowell.com
rmantel@crowell.com
dschmidt@crowell.com
hgojima@crowell.com

BROOKLYN DEFENDER SERVICES
Jessica Marcus
Lauren Shapiro
S. Lucas Marquez
Kevin Siegel
177 Livingston St, 7th Floor
Brooklyn, NY 11201
Tel: (347) 592-2518

jmarcus@bds.org
lshapiro@bds.org
slmarquez@bds.org
ksiegel@bds.org

*Attorneys for Plaintiffs*