

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**DANIEL R. PEREZ**
Phone: (212) 356-0877
Fax: (212) 356-1148
danipere@law.nyc.gov
(not for service)

February 20, 2024

<u>**VIA ECF**</u>
Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *L.B. v. City of New York et al*, 1:23-CV-08501 (RPK) (JRC)

Your Honor:

I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent Defendants City of New York and Jess Dannhauser in his official capacity as Commissioner of the New York City Administration of Children's Services ("ACS") (the "City Defendants") in the above-referenced matter.  I am also assigned to represent individual defendants Ariel Semper, Nadine Cenord, Bernadet Jean-Louis, Donna McFadden, Ana Costa, Taiesha Coleman, and Leydi Taveras. The Complaint asserts claims against the individual defendants under Section 1983 stemming from alleged violations of Plaintiffs' rights under the Fourth and Fourteenth Amendments. The purported constitutional violations allegedly occurred in connection with the individual defendants' investigation of several reports of abuse and neglect relating to Plaintiff L.B.'s children between January 2021 and August 2023. The Complaint also includes *Monell* municipal liability claims against the City relating to the purported constitutional violations discussed above in connection with the individual defendants.

Pursuant to Rule IV(A) of Your Honor's Individual Practice Rules, Defendants request leave to file a partial motion to dismiss pursuant to Rule 12(b)(6) and seek a pre-motion conference to discuss this request. The primary grounds of Defendants' envisioned motion are outlined below.

As a preliminary matter, I wish to respectfully request a one business day extension, *nunc pro tunc*, to Defendants' deadline to make this submission and sincerely apologize for my

failure to file this submission on February 16, 2024, as directed by the Court's order dated February 9, 2024. Notwithstanding the Court's clear directive, I entered today, February 20, 2024, as the return date for this submission on my calendar in error. I did not realize my error until Plaintiffs' counsel contacted me today to ask why Defendants had yet to submit a response to the Complaint.

## I. The Complaint Fails to Adequately Allege a Due Process Violation

The Complaint fails to adequately allege a violation of Plaintiffs' due process rights that would support a Section 1983 claim. The Complaint does not identify the alleged acts by each defendant that caused an unlawful deprivation of L.B.'s interest in the care, custody or management of Kyle (or Kyle's corresponding interests in remaining in his mother's care). Significantly, the Complaint does not allege that Defendants removed Kyle from L.B.'s care or otherwise interrupted L.B.'s parental custody over Kyle. Indeed, the Complaint does not even allege that Defendants attempted to interrupt L.B.'s parental custody.

First, in the absence of any allegation that Defendants interrupted L.B.'s custody over Kyle, Plaintiffs' substantive due process claims should be dismissed. It is well established that "[w]here there is no actual loss of custody, no substantive due process claim can lie." *McCaul v. Ardsley Union Free Sch. Dist.,* 514 Fed. App'x 1, 3 (2d Cir. 2013).[1] Plaintiffs' substantive due process claims also fail because the Complaint does not allege that any Defendant engaged in any conduct with the specific intent to interfere with Plaintiffs' familial relationship. *See Gorman v. Rensselaer Cty.,* 910 F.3d 40, 48 (2d Cir. 2018) ("[A] claim … for infringement of the right to familial associations requires the allegation that state action was specifically intended to interfere with the family relationship."). Finally, the individual defendants' alleged interactions with Plaintiffs do not rise to the level of shocking, arbitrary, or egregious conduct given their undisputed legal obligation to investigate allegations of child abuse and neglect. *See Dabah v. Franklin*, No. 19-CV-10579 (ALC), 2022 U.S. Dist. LEXIS 60884, at *12 (S.D.N.Y. Mar. 31, 2022) (noting that "[t]he Complaint … states that Defendants are required by law to … investigate suspected child abuse" in rejecting substantive due process claim); *see also* Complaint ¶ 23 ("Upon receiving a report, ACS must initiate an investigation of the allegations…").

Plaintiffs' procedural due process claims fail for similar reasons. As noted previously, the Complaint does not allege Kyle's removal or any other interruption of L.B.'s parental custody that would require a pre-deprivation hearing. *See Velez v. Reynolds*, 325 F. Supp. 2d 293, 303 (S.D.N.Y. 2004) (noting that, in the child-removal context, procedural due process "generally requires a hearing prior to depriving a parent of custody"). Moreover, the individual defendants would be entitled to qualified immunity with respect to any claim that more limited burdens on L.B.'s management of Kyle required a pre-deprivation hearing as any such requirement would not be sufficiently well established. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011) (noting government officials are shielded by qualified immunity

---

[1] The Second Circuit has cautioned against attempts to convert allegations of Fourth Amendment violations into Fourteenth Amendment substantive due process claims. *See Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 380 n.31 (S.D.N.Y. 2012) (noting that "the Second Circuit [has] acknowledged that government conduct can effect a seizure for purposes of the Fourth Amendment, but not constitute a deprivation of custody sufficiently serious to state a substantive due process claim" (citing *Southerland v. City of N.Y.*, 680 F.3d 127, 153 (2d Cir. 2011))).

"unless a plaintiff pleads facts showing (1) that the official[s] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.").

## II.    Qualified Immunity Bars Plaintiffs' "Family Miranda" Claims

Qualified immunity also shields the individual defendants from claims under the Fourth Amendment predicated on the individual defendants' alleged failure to "mirandize" Plaintiffs. Even if the individual defendants were required to inform Plaintiffs affirmatively of Plaintiffs' right not submit to questioning or provide access to their home in the absence of a court order (they were not), any such rights would not have been sufficiently clearly established to support a Section 1983 claim against the individual defendants. *See id.*

## III.    The Complaint Fails to Plead a *Monell* Claim for Municipal Liability

Finally, the Complaint fails to state a claim for municipal liability under *Monell v. Dep't of Soc. Servs,* 436 U.S. 658 (1978). First, as discussed above, Plaintiffs have failed to adequately allege a violation of their due process rights and "a *Monell* claim cannot succeed without an underlying constitutional violation[.]" *Mastromonaco v. Cty. of Westchester*, 779 F. App'x 49, 51 (2d Cir. 2019). Accordingly, the Complaint fails to state a *Monell* claim for violations of the Fourteenth Amendment.

In addition, Plaintiffs' Fourth Amendment claims against the City Defendants—and the individual defendants in their official capacities—fail because they do not sufficiently allege the existence of an unconstitutional municipal policy or custom under *Monell.* It is well established that vague, speculative, or conclusory allegations about the existence of a policy or custom do not suffice to state a Section 1983 claim against a municipal defendant. *Davis v. City of New York*, 07-CV-1395, 2008 U.S. Dist. LEXIS 47869, at *17-18 (S.D.N.Y. June 19, 2008). In this case, the Complaint does not highlight any passage from ACS's Division of Child Protection Casework Practice Requirements Manual alleged to reflect an express unconstitutional instruction to ACS staff. Moreover, Plaintiffs have failed to adequately allege a widespread custom of unlawful searches and seizures. Indeed, Plaintiffs' allegations concerning the existence of such a custom are based on incidents of alleged misconduct by a small number of ACS personnel connected exclusively to investigations relating to Plaintiffs' own family. *See Koger v. New York*, 13 Civ. 7969 (PAE), 2014 U.S. Dist. Lexis 105764, at *26-27 (S.D.N.Y. July 31, 2014). Accordingly, Plaintiffs' Fourth Amendment *Monell* claims should also be dismissed.[2]

I thank the Court for its consideration of this request.

Respectfully submitted,

/s/  Daniel R. Perez

Daniel R. Perez
Assistant Corporation Counsel

---

[2] Defendants have not submitted a responsive pleading to the claims beyond the scope of Defendants' envisioned motion based on the prevailing view that "a partial motion to dismiss will suspend the time to answer … claims … that are not subject to the motion." *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009).