PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

| | |
|---|---|
| 1285 AVENUE OF THE AMERICAS | BEIJING        TOKYO |
| NEW YORK, NEW YORK 10019-6064 | HONG KONG   TORONTO |
| TELEPHONE (212) 373-3000 | LONDON        WASHINGTON, DC |
| | LOS ANGELES   WILMINGTON |
| | SAN FRANCISCO |

DIRECT DIAL: (212) 373-3289
EMAIL: ASOLOWAY@PAULWEISS.COM

**<u>Via ECF</u>**

March 22, 2024

The Hon. Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: Related Case Motion in *L.B. v. City of New York, et al.,* No. 23-cv-8501 (RPK) (JRC)

Dear Judge Kovner:

   We represent Plaintiffs in *Gould et al v. City of New York*, No. 24-cv-01263 (the "*Gould* case"), which is currently pending before the Honorable Magistrate Judge Cheryl L. Pollak.  In accordance with Rule 3(b) of the Rules for the Division of Business of the Eastern District of New York, we respectfully submit this motion for a determination that the *Gould* case is related to *L.B. v. City of New York, et al.*, No. 23-cv-8501 (the "*L.B.* case").[1]  We have conferred with Defendant's counsel, and they take the position that the cases should not be marked as related. Counsel for plaintiff in the *L.B* case has not yet indicated whether they oppose or support marking the *Gould* case as related to the *L.B.* case.

   Under Rule 3(a), civil cases are "related" to each other when, "because of the similarity of facts and legal issues or because the cases arise from the same transactions or events," assigning both cases to the same District and Magistrate judge will likely yield "a substantial saving of judicial resources."  This standard is amply satisfied here, as the plaintiffs in both cases allege that they suffered the same violation of their Fourth Amendment rights arising out of the same custom, policy, and practice of the New York City Administration for Children's Services ("ACS") to enter and invasively search families' homes during its investigations.

   There is a substantial similarity of the factual allegations in *Gould* and *L.B.*, as the plaintiffs in both cases allege that instead of obtaining a court order or voluntary consent, and in the absence of exigent circumstances, ACS caseworkers used coercive tactics to enter and search homes—for example, telling families they have no choice but to let ACS into the home, failing to inform them of their right to refuse entry, and even threatening to take their children away if they denied ACS entry.  *See, e.g.*, *Gould* Complaint ¶¶ 70–73; *L.B.* Complaint ¶¶ 32, 85, 88.  Both cases allege that

---

[1] We marked *Gould* as related to *L.B.* in Section VIII of the civil cover sheet when we filed the Complaint.  *See* ECF No. 1-1, *Gould et al. v. City of New York*, No. 24-cv-01263.

ACS's coerced home searches were invasive, and that caseworkers routinely looked inside their refrigerators and strip-searched their children.  *See, e.g., Gould* Complaint ¶¶ 8, 39, 136–37, 145–46; *L.B.* Complaint ¶¶ 66, 86, 100.

Further, there is a substantial similarity in the legal issues, as both cases assert claims under 42 U.S.C. § 1983 against the City of New York based on the same legal theory: that ACS's use of the coercive tactics described in both Complaints to enter and search families' homes violates the Fourth Amendment.  *See, e.g., Gould* Complaint ¶¶ 224–35; *L.B.* Complaint ¶¶ 212–17.  Because both cases seek municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the cases will also both require a determination of whether ACS's use of coercive tactics to conduct home searches constitutes a custom, policy, or practice of the agency.  *See Gould* Complaint ¶¶ 72, 111–20, 224–35; *L.B.* Complaint ¶¶ 207–09, 353–60.

Finally, the cases arise from the same transactions or events.  The *Gould* case is a class action brought on behalf of all parents who have been, are currently, or will be subject in the future to unlawful home searches during ACS investigations.  The plaintiff in *L.B.* alleges she has been subjected to the same coercive ACS tactics as those alleged in the *Gould* case during numerous unlawful home searches, *L.B.* Complaint ¶¶ 32, 85, 88, and the plaintiff in *L.B.* is a putative member of the class action in *Gould*.

In light of the substantial similarity in these factual and legal issues, litigation of these questions by the same District and Magistrate Judge would save significant judicial resources, and we respectfully request that the cases should be heard by the same judge.

Respectfully submitted,

FAMILY JUSTICE LAW CENTER OF THE URBAN JUSTICE CENTER

David Shalleck-Klein
(dshalleckklein@urbanjustice.org)
Eliza J. McDuffie (emcduffie@urbanjustice.org)
40 Rector Street, 9th Floor
New York, New York 10006
Telephone: (646) 602-5600

Anna Arons (aronsa@stjohns.edu), Of Counsel

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

Katherine Rosenfeld (krosenfeld@ecbawm.com)
Max Selver (mselver@ecbawm.com)
600 Fifth Avenue, 10th Floor
New York, New York 10020
Telephone: (212) 763-5000

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

*/s/ Audra J. Soloway*
Audra J. Soloway (asoloway@paulweiss.com)
Erin J. Morgan (ejmorgan@paulweiss.com)

NYU SCHOOL OF LAW FAMILY DEFENSE CLINIC / WASHINGTON SQUARE LEGAL SERVICES, INC.

Christine Gottlieb
(gottlieb@mercury.law.nyu.edu)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                        3

Daniel A. Negless (dnegless@paulweiss.com)
Sera Idoko (sidoko@paulweiss.com)
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000

245 Sullivan Street, 5th Floor
New York, New York 10012
Telephone: (212) 998-6693

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP                                        3