

THE CITY OF NEW YORK

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL R. PEREZ**
Phone: (212) 356-0877
Fax: (212) 356-1148
danipere@law.nyc.gov
(not for service)

April 9, 2024

**VIA ECF**
Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: *L.B. v. City of New York et al*, 1:23-CV-08501 (RPK) (JRC)

Your Honor:

  I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to represent Defendants City of New York and Jess Dannhauser in his official capacity as Commissioner of the New York City Administration of Children's Services ("ACS") Ariel Semper, Nadine Cenord, Bernadet Jean-Louis, Donna McFadden, Ana Costa, Taiesha Coleman, and Leydi Taveras in this matter. I write pursuant to the Court's March 26, 2024 order directing the parties to respond to the March 22, 2024 letter filed by the plaintiffs in *Ebony Gould et al. v. The City of New York*, 24-cv-1263 (CLP) (the "*Gould* Plaintiffs") asking to have that case marked related to *L.B.* (ECF No. 33; the "Request Letter"). The *Gould* Plaintiffs have not demonstrated that marking *Gould* related will likely result in "a substantial saving of judicial resources" for purposes of Rule 3(a) of the Rules for the Division of Business of the Eastern District of New York. Accordingly, the Court should decline the *Gould* Plaintiffs' request.

  Defendant does not contest that *Gould* and the instant matter raise some similar legal issues. However, "the word 'related' as used in the rules requires a factually or transactionally related matter. Similar legal issues alone will generally not support assignment to the same judge." *Ukrainian Nat'l Ass'n of Jewish Former Prisoners of Concentration Camps & Ghettos v. United States,* 205 F.R.D. 102 (E.D.N.Y. December 14, 2001).

Defendants acknowledge that both the *L.B.* and *Gould* Complaints assert claims under 42 U.S.C. § 1983 relating to allegedly unlawful searches conducted in connection with ACS investigations. The Request Letter, however, does not address the substantial dissimilarities between the litigations that render a relatedness designation inappropriate.

As a preliminary matter, while plaintiffs in both litigations have asserted Section 1983 claims for asserted Fourth Amendment violations, the *L.B.* Plaintiffs have also brought Section 1983 claims alleging violations of their procedural and substantive due process rights under the Fourteenth Amendment. Accordingly, the *L.B.* Complaint implicates legal analyses and standards irrelevant to the *Gould* litigation. Similarly, the respective complaints differ in that only the *L.B.* Complaint asserts claims against ACS caseworkers in their individual capacity. The claims against the individual defendants present issues unrelated to the *Gould* matter, including, *inter alia*, issues surrounding potential qualified immunity defenses. Indeed, in the event the Court in *L.B.* grants Defendants' pending request to file a partial motion to dismiss (ECF No. 29; the "Pre-Motion Request") the initial stages of the *L.B.* litigation will center in substantial part on the Fourteenth Amendment claims and qualified immunity issues absent from the *Gould* litigation.

Additionally, the underlying respective Complaints allege a series of non-overlapping interactions with ACS personnel. The *Gould* Plaintiffs contend the *Gould* Complaint nonetheless encompasses the transactions and occurrences alleged in *L.B.* because they are asserting claims on behalf of a putative class they claim would encompass the *L.B.* Plaintiffs. The Request Letter, however, elides the fact that the *Gould* Plaintiffs have yet to obtain class certification. Accordingly, the *Gould* Plaintiffs' position lacks merit.

Indeed, contrary to the suggestion in the Request Letter, the *Gould* Plaintiffs' assertion of putative class claims weighs against marking the case related. The *Gould* Plaintiffs will need to conduct discovery and motion practice specific to class-certification in order to litigate the class claims asserted in the *Gould* Complaint. The *Gould* Plaintiffs' need to satisfy the requirements of Federal Rule of Civil Procedure 23 presents legal and factual issues altogether extraneous to the *L.B.* litigation.

Importantly, Plaintiffs in *L.B.* and *Gould* have raised a variety of unrelated factual allegations only joined by the similar legal questions raised. Marking these matters as related would require adjudication of each of these allegations, making it unlikely that "a substantial saving of judicial resources [would] result…" *United States v. Escobar,* 803 F.Supp. 611 (E.D.N.Y. October 13, 1992). Plaintiff L.B. has requested that the Court adjudicate the merits of twenty-two separate factual allegations relating to the Fourth Amendment claims, as well as two Fourteenth Amendment claims which are both legally and factually dissimilar to the claims at issue in *Gould*. This factual dissimilarity between the two cases will limit any potential economy gained by a designation of relatedness. Without that clear benefit, accepting this matter as related to *L.B.* will only serve to burden the parties and the Court with additional considerations and administrative complexity.

Thus, as Plaintiffs' request will not preserve the resources of either the parties or the bench, Defendant respectfully requests that this matter not be accepted as related to *L.B.*

For the foregoing reasons, Defendants respectfully request that the Court refrain from designating the *L.B.* and *Gould* litigations related.

Respectfully submitted,

/s/  Daniel R. Perez
Daniel R. Perez
Assistant Corporation Counsel