1:23-cv-8501 (RPK) (JRC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

L.B., individually and on behalf of her minor child, Kyle, proceeding under a pseudonym,

                              Plaintiffs,

-against-

The City of New York; Jess Dannhauser, in his official capacity as Commissioner, Administration for Children's Services of the City of New York ("ACS"); Ariel Semper, Nadine Cenord, Bernadette Jean-Louis, Donna McFadden, Ana Costa, Taiesha Coleman, and Leydi Taveras, each individually and in their official capacity as ACS Child Protective Specialists,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007

Of Counsel: Daniel R. Perez
Tel: (212) 386-0877
email: danipere@law.nyc.gov

DATE OF SERVICE: JUNE 13, 2024

Page

## TABLE OF CONTENTS
PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................. 1

POINT I ..................................................................................................................................... 1

    **PLAINTIFFS FAIL TO STATE A SECTION 1983 SUBSTANTIVE DUE PROCESS CLAIM**..........................................................................1

POINT II .................................................................................................................................... 7

    **PLAINTIFFS FAIL TO STATE A SECTION 1983 PROCEDURAL DUE PROCESS CLAIM**...............................................................................7

POINT III .................................................................................................................................. 8

    **THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFFS DUE PROCESS CLAIMS**...............................................................8

POINT IV .................................................................................................................................. 8

    **PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS TO STATE A CLAIM FOR MUNICIPAL LIABILITY WITH RESPECT TO THEIR DUE PROCESS CLAIMS**.......................................8

CONCLUSION ........................................................................................................................ 10

## PRELIMINARY STATEMENT

Defendants City of New York (the "City") and Jess Dannhauser, in his official capacity as Commissioner of the Administration for Children's Services of the City of New York ("ACS" and, collectively with the City, the "City Defendants") as well as Defendants Ariel Semper, Nadine Cenord, Bernadet Jean-Louis, Donna McFadden, Ana Costa, Taiesha Coleman, and Leydi Taveras individually and in their official capacity as ACS Child Protective Specialists (collectively, the "Individual Defendants") respectfully submit this memorandum of law in further support of their motion to partially dismiss Plaintiffs' Amended Complaint ("AC") dated April 24, 2024 (ECF No. 37) and in response to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Opposition to Defendants' Partial Motion to Dismiss the Amended Complaint dated June 5, 2024 (the "Opposition" or the "Opp.").

## ARGUMENT

### POINT I

### PLAINTIFFS FAIL TO STATE A SECTION 1983 SUBSTANTIVE DUE PROCESS CLAIM

In their opening submission, Defendants' noted, *inter alia*, that Plaintiffs' Section 1983 claim for the alleged violation of their substantive due process rights amounts to an impermissible restyling of their Fourth Amendment claims and that the AC fails to adequately allege any "state action … specifically intended to interfere with [Plaintiffs'] family relationship" sufficient to state a Fourteenth Amendment familial association claim. *Gorman v. Rensselaer Cnty.*, 910 F.3d 40, 48 (2d Cir. 2018). In response, Plaintiffs make meritless arguments in an effort to distinguish their substantive due process claim from their Fourth Amendment claims predicated on the same allegations and attempt to evade pleading requirements they cannot satisfy. Accordingly, Plaintiffs' substantive due process claim should be dismissed.

1

## A. The AC Does Not Allege a Cognizable Substantive Due Process Claim

The Court should dismiss Plaintiffs' Twenty-Third Cause of Action ("CoA 23") because Plaintiffs cannot invoke the protections of substantive due process where "a more specific constitutional standard is directly applicable" to the gravamen of the claim. *Jackson v. Suffolk Cty.*, 87 F. Supp. 3d 386, 399 (E.D.N.Y. 2015).[1] It is well established that "[s]ubstantive due process analysis is inappropriate" when a "claim is 'covered by' the Fourth Amendment." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). In their Opposition, Plaintiffs state that "Ms. B.'s" substantive due process cause action centers on allegations of impermissible "body exams of Kyle" and "*seizures* of Kyle at his school," Opp at 14 (emphasis added) and do not seriously dispute (they cannot) that these allegations also underpin Fourth Amendment claims Plaintiff L.B. has brought on behalf of her son, Plaintiff Kyle. Opp at 14 (acknowledging that L.B. is "assert[ing] Fourth Amendment claims on behalf of her minor child"). Plaintiffs insist, however, that, because "any Fourth Amendment claim related to ACS's unlawful seizures of Kyle are Kyle's claims, not Ms. B's claims," "Ms. B's substantive due process claim is not based on the same allegations that support *her* Fourth Amendment claims" such that "it is not duplicative and should not be dismissed." Opp. at 14-15 (emphasis added). Plaintiffs' argument is unavailing.

As a preliminary matter, CoA 23 alleges deprivations of both L.B.'s and Kyle's liberty interests. *See* AC ¶ 353 (alleging "Defendants' deprived … Kyle of his right to be cared for, guided and protected by his mother"). It follows, that Plaintiffs' rationale for the viability of L.B.'s substantive due process claim amounts to tacit admission that that she cannot assert CoA

---

[1] Internal quotation marks and citations omitted throughout except where otherwise indicated.

23 on Kyle's behalf. As a result, the Court should, at a minimum, dismiss CoA 23 to the extent it purports to assert a claim on Kyle's behalf.

More importantly, the Court should reject the assertion that framing CoA 23 as a substantive due process claim, notwithstanding the clear directive that "[s]ubstantive due process analysis is inappropriate" when a "claim is 'covered by' the Fourth Amendment," L.B may evade Fourth Amendment standing requirements the Opposition concedes she cannot satisfy, while asserting (on her son's behalf) that the alleged misconduct underpinning that claim squarely implicates the Fourth Amendment. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). Indeed, while it appears the Second Circuit has not addressed this precise issue definitively, the Fifth Circuit dismissed a parental substantive due process claim based on an allegedly improper search and seizure of the parent Plaintiffs' daughter in *Roe v. Tex. Dep't of Protective & Regulatory Servs*., 299 F.3d 395, 411 (5th Cir. 2002). In *Roe*, the panel concluded the parents' standing to invoke the Fourth Amendment on their daughter's behalf meant that "[t]he Fourth Amendment offered … [her] complete protection" from the challenged conduct, and the court could not "consider [the parents'] substantive due process rights to family association and bodily integrity." *Roe,* 299 F.3d at 411. *Roe's* reasoning applies with equal force in this case where, as in *Roe*, L.B. has asserted Fourth Amendment claims on her child's behalf that fully embrace the allegations underpinning the substantive due process claim brought in her own name. *See* AC ¶ 352 (realleging all allegations alleged in connection with Plaintiffs' Fourth Amendment claims in support of CoA 23). Accordingly, Defendants respectfully submit that the Court should adopt the Fifth Circuit's analysis and dismiss CoA 23 for the reasons set forth in *Roe.*

B.  **Circuit Law Requires Plaintiffs to Adequately Allege Defendants Engaged in Conduct Specifically Intended to Interfere with their Family Relationship**

Plaintiffs' failure to adequately allege a Fourteenth Amendment familial association claim also warrants the dismissal of Cause of Action 25. In *Gorman*, the Second Circuit made clear that state action with an "incidental[]" impact on the family cannot support a Section 1983 substantive due process claim for the "infringement of the right to familial associations." 910 F.3d at 48. To state a familial associations claim, Plaintiffs must allege "state action … specifically intended to interfere with [a] family relationship." *Id.* As explained in Defendants' initial filing and discussed further in the following section, the AC altogether lacks plausible allegations of the type of intentional state interference in Plaintiffs' family relationship required to maintain a familial association claim under *Gorman*, a point the Opposition all but concedes. Instead, Plaintiffs argue that *Gorman* does not require them to allege that Defendants' engaged in conduct specifically intended to disrupt Plaintiffs' relationship because *Gorman* did not address claims, like CoA 23, predicated on the parental liberty interest in the "the care, custody, and control" of their child discussed in the Court's decision in *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Plaintiffs' attempt to limit *Gorman* to claims implicating "the right to intimate familial association", assertedly "a separate and distinct liberty interest" purportedly stemming "from more recent jurisprudence." Opp. at 13. Plaintiffs' argument fails because the asserted distinction between CoA 23 and the claim at issue in *Gorman* has no bearing on Plaintiffs' obligation to satisfy *Gorman's* requirements and the Opposition fails to substantiate the asserted distinction between the two claims.

First, even assuming a protected parental liberty interest in "the care, custody, and control" of children distinct from the liberty interest in familial association exists, *Gorman* would apply to any substantive due process claim for the alleged violation of such distinct interest. The

4

Second Circuit's holding that only state interference specifically intended to disrupt family relationships will suffice to support a substantive due process claim rested on the conclusion that the "Court has never extended the constitutionally protected liberty interest incorporated by the Fourteenth Amendment due process clause to encompass deprivations resulting from governmental actions affecting the family only incidentally." *Gorman*, 910 F.3d at 48. It follows that, under circuit law, intentional state action targeting the liberty interest allegedly infringed forms an essential part of *any* substantive due process claim for unconstitutional interference with protected interests in family relationships, including the interest in the care, custody, and control of children discussed in *Troxel*. Accordingly, Plaintiffs' failure to satisfy *Gorman* warrants dismissal of CoA 23 for failure to state a claim.

Moreover, the Opposition fails to substantiate the Plaintiffs' claimed distinction between the family-related liberty interests discussed in *Troxel* and *Gorman*, respectively. Indeed, the Second Circuit cautioned that the parental liberty interest in the care, custody and control of children discussed in *Troxel* defies delineation because the "Court [has] left the scope of that right undefined." *We the Patriots United States v. Conn. Office of Early Childhood Dev.*, 76 F.4th 130, 159 (2d Cir. 2023). It follows that the Court should reject Plaintiffs' baseless suggestion that *Troxel* describes a distinct and cohesive set of liberty interests beyond the scope of the requirements set forth in *Gorman*.

### C. Plaintiffs Fail to Plead Facts Sufficient to State a Substantive Due Process Claim

As discussed above, the Opposition scarcely suggests that the AC plausibly alleges facts sufficient to state a substantive due process claim for the violation of a family-related liberty interest under *Gorman* as they must for CoA 23 to survive. Plaintiffs devote only two brief sentences in a footnote, unaccompanied by supporting authority, to the assertion that

two paragraphs of the AC, collectively referencing a single Defendant by name, suffice to satisfy *Gorman*. *See* Opp. at 14, n.2. Plaintiffs' arguments are unavailing.

First, Plaintiffs' assertion that the AC plausibly alleges the Defendants' that engaged in conduct specifically intended to disrupt Plaintiffs' family relationship is meritless. The Opposition cites two paragraph of the AC, paragraphs 36 and 116, that purportedly contain sufficient allegations of Defendants' alleged efforts to "drive a wedge" between Plaintiffs and disrupt their family relationship. *See* Opp. at 14, n.2. Plaintiffs are incorrect. First, the high-level summary of Defendants' alleged misconduct in paragraph 36 fails to identify the specific individuals involved or the specific steps each of the respective Defendants allegedly took with the specific intent to undermine Plaintiffs' relationship. *See, e.g., Polardo v. Adelberg*, 2023 U.S. Dist. LEXIS 53219, at *21 (S.D.N.Y. Mar. 28, 2023) (no personal involvement where plaintiff relied on "group pleading"). In contrast, paragraph 116 relates exclusively to one alleged interaction with a single Defendant, Ana Costa. It follows that the Opposition does not identify any allegations that the Plaintiffs assert suffice to plausibly allege the remaining Defendants' "personal involvement in the alleged constitutional deprivations" underpinning Plaintiffs' substantive due process claim. *Zdziebloski v. Town of E. Greenbush*, 336 F. Supp. 2d 194, 201-02 (N.D.N.Y. 2004).

In addition, paragraph 116 of the AC does not plead sufficient facts suggesting that Costa's alleged disruption of Plaintiffs' relationship resulted from steps Costa took with the specific intent to drive a wedge between Plaintiffs rather than as a byproduct of activities Costa's in connection with the investigation connection of a report of child abuse or neglect ("SCR") conveyed to ACS. *See* AC ¶ 116. Indeed, as explained in Defendants' initial submission, the thrust of the AC—that ACS personnel employ coercive tactics to expedite the completion of

SCR investigations—undercuts the plausibility of Plaintiffs' conclusory suggestion that Costa, or any other Defendant, took the time to make a concerted effort to disrupt Plaintiffs' relationship. *See Schvimmer v. Randall*, 2022 U.S. Dist. LEXIS 177908, at *36 (E.D.N.Y. Sept. 29, 2022) (courts do not need to "accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."); *see also Albert v. City of N.Y.*, No. 17-cv-3957-ARR-SMG, 2019 U.S. Dist. LEXIS 136428, at *12 (E.D.N.Y. Aug. 13, 2019).

In short, the AC does not plead facts sufficient to state a substantive due process claim against any of the Individual Defendants. Accordingly, CoA 23 should be dismissed with respect to all Individual Defendants.

## POINT II

### PLAINTIFFS FAIL TO STATE A SECTION 1983 PROCEDURAL DUE PROCESS CLAIM

As explained in Defendants' opening submission, "Plaintiff[s] cannot assert a claim based on [an] illegal search" or seizure "pursuant to the due process clause of the Fourteenth Amendment" because "[t]he Fourth Amendment covers constitutional claims of search and seizure…" *Mason v. Lax*, No. 3:20-CV-00039 (KAD), 2020 U.S. Dist. LEXIS 70799, at *5-6 (D. Conn. Apr. 22, 2020). Plaintiffs' Opposition does not assert any counterarguments specific to Defendants' arguments in support of the dismissal of Plaintiffs' procedural due process claim. Plaintiffs simply make reference asserted in Opposition to the dismissal of CoA 23. As discussed in the proceeding section, Plaintiffs' arguments asserted in support of CoA 23

## POINT III

**THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO PLAINTIFFS DUE PROCESS CLAIMS**

In their Opposition, Plaintiffs' principal grounds for arguing that Qualified Immunity does shield the Individual Defendants from liability in connection with Plaintiffs' due process claims centers on the purported antiquity of parental liberty interest in the care, custody and control of children discussed in *Troxel* discussed above. As explained in Section I.B, however, the nominal age of the liberty interest discussed in *Troxel* because, as the Second Circuit explained in a 2023 decision, the liberty interest remains essentially undefined. *See Doniger v. Niehoff*, 642 F.3d 334, 353 (2d Cir. 2011) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted").

## POINT IV

**PLAINTIFFS HAVE NOT PLED SUFFICIENT FACTS TO STATE A CLAIM FOR MUNICIPAL LIABILITY WITH RESPECT TO THEIR DUE PROCESS CLAIMS**

Finally, the Plaintiffs' fail to allege sufficient facts to state claims for municipal liability in connection with their substantive and procedural due process claims. As discussed in Section I and II, *supra*, the AC fails to adequately allege that any of the Individual Defendants violated Plaintiffs due process rights, such that no basis exists to impose municipal liability in connection with Plaintiffs' due process claims. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely

correct."). Moreover, as explained in Defendants' opening brief, the AC does not identify a City policy or practice plausibly connected to the due process violations Plaintiffs allege as they must to maintain a *Monell* claim. *Arrington v. City of New York*, 628 F. App'x 46, 50 (2d Cir. 2015) (summary order) (affirming dismissal of Section 1983 claims against the City because plaintiff "did not plead any facts in his complaint … that would support a finding that these alleged violations resulted from a municipal policy").

For example, the AC does not contain any allegations of a City policy directing the Individual Defendants to engage in conduct intended specifically to disrupt Plaintiffs' family relationship. *See, e.g.*, AC ¶¶ 362-370. Plaintiffs' Opposition does not suggest otherwise. Rather, Plaintiffs' simply reassert the meritless assertion that *Gorman* does not require them to plausibly allege intentional state action specifically intended to interfere with Plaintiffs' relationship to maintain a their substantive due process claim.

Accordingly, Plaintiffs' due process claims should be dismissed with respect to the City Defendants as well.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant Defendants' Partial Motion to Dismiss the Complaint.

Dated: New York, New York
June 13, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
100 Church Street
New York, NY 10007
(212) 356-0877
danipere@law.nyc.gov

By:    s/    Daniel R. Perez
       Daniel R. Perez
       Assistant Corporation Counsel